Green, J.
delivered the opinion of the court.
This cause originated by attachment returned to a justice of the peace, and was afterwards by certiorari brought into the circuit court. Upon the trial in the circuit court, the defendant offered to prove, that he moved away from Greene county openly, with the knowledge of all his neighbors, and with the knowledge of the plaintiff; that they all knew where he was going; that he took up his residence in Blount county, and that the plaintiff was well acquainted with his place of residence at the time he sued out his attachment. This evidence was rejected by the court, for which the ex. ception is taken. Whether the court did right in the rejection of this testimony or not, depends upon the construction to be given to the act of 1794, ch. 1. The 19th section of this act provides, that “upon complaint being made to any of the judges of the superior courts of this state, or to any justice of any of the county courts, by any person or persons, his, her or their attorney, agent or factor, that any person hath removed, or is removing him or herself out of the county privately, or so absconds or conceals him or herself that the ordinary process of law cannot be served on such debtor,” &c. *415 the attachment may be granted against the estate of the debtor.
The object of this act is to give the creditor this extraordinary remedy when the misconduct of the debtor should be such as to prevent the execution of the ordinary process. The common law, solicitous that the parties should have a fair opportunity of litigating their right before the courts, always requires that a defendant should have personal notice of the proceedings against him. This rule is so just and proper in itself, as to incline the courts always to require the service of personal notice when it is practicable, unless such notice be dispensed with by some positive enactment of the legislature. Guided by these principles, we are to construe the act of 1794, ch. 1, in such manner as that no innovation of the common law' shall be permitted, beyond that which the legislature manifestly intended to make. The 19th section of this act does not authorize an attachment to be issued, where a party moves out of the county openly and with a full knowledge of all his neighbours that he is about to remove, and the place of his destination; nor can it be sued out where he may have so removed, and has taken up his residence in another county of this state. If he is about to remove openly, and with a knowledge of his neighbors, what prevents the execution of the ordinary process of law upon him 2 But the act gives the attachment only where the ordinary process of law cannot be served. If the attachment cannot issue where the party is about to remove publicly and openly out of the county, neither can it issue after such a removal has been effected, and a residence established in another county. The having “removed,” and being “about to remove,” are connected together in the first sentence of the 19th section, so as to mean that the manner in which the one may have taken, or the other is about to take place, are the same: that is, “pri *416 vately,” “so that the ordinary process of law cannot be -, „ - - served.”
John A. M'Kinney, for the plaintiff in error.
R. J. McKinney, for the defendant.
An argument opposed to this conclusion is drawn from the omission of the word “privately” in the form of attachment given in the 24th section. This omission cannot change the construction here given. The form again reiterates, that he has so removed that the ordinary process of law cannot be served. This could not be true, if the removal was public, notorious and open. The 19th section requires that oath shall be made that the removal was “private,” thus making the act .consistent; for in such case there would be good reason to say that the ordinary process of law could not be served. The facts offered to be proved by the defendant would have been properly pleadable in the abatement, had the attachment been returnable into court. In this case no formal plea was necessary. The petition for certiorari disclosed the grounds of the defence, and this ground is expressly taken. Pleadings before a justice of the peace are ore terms; and when a cause comes before a court of record to be re-heard, it is to be tried on the same principles by which it was governed before the justice.
The circuit court erred in rejecting the testimony offered by the defendant, for which the judgment must be reversed and remanded to the circuit court of Greene, there to be again tried upon the principles assumed in this opinion.
Judgment reversed.